# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

MID-AMERICA APARTMENTS, LTD; MID-AMERICA
APARTMENTS, L.P.; MID-AMERICA APARTMENT
COMMUNITIES, INC.; POST APARTMENT HOMES, L.P.; and
POST GP HOLDINGS, INC.,

Appellants,

v.

JOSHUA TRACZ,

Appellee.

No. 2D2024-1849

————————————————

September 12, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; Laura E. Ward, Judge.

Ezequiel Lugo of Banker Lopez Gassler, P.A., Tampa; and Eleanor H. Sills
of Banker Lopez Gassler, P.A., Tallahassee, for Appellants.

Madeleine C. Vaughn and Stephen A. Barnes of Barnes Trial Group,
Tampa, for Appellee.

KHOUZAM, Judge.

Several landlord entities (collectively, Mid-America Apartments)
timely appeal a nonfinal order denying their motion to compel arbitration
of claims brought by tenant Joshua Tracz. Because the broad

arbitration clause in the subject lease expressly includes claims like the ones in this case, we reverse the order and remand for arbitration.

## BACKGROUND

The Lease

In 2020, the parties entered into a residential lease agreement containing an arbitration provision with the following language:

> 24.2 Agreement to Arbitrate Disputes.  This Lease is made pursuant to a transaction involving interstate commerce.  **ALL CLAIMS THAT ARISE BETWEEN YOU AND LANDLORD WILL BE RESOLVED THROUGH BINDING ARBITRATION IN ACCORDANCE WITH THE FAA AND THE RULES.  YOU AND LANDLORD AGREE AND UNDERSTAND THAT WE MUTUALLY CHOOSE BINDING ARBITRATION INSTEAD OF LITIGATION TO RESOLVE ALL CLAIMS.  THIS MEANS THAT UNLESS YOU OPT OUT OF THIS SECTION 24.2 (AGREEMENT TO ARBITRATE DISPUTES), NEITHER YOU NOR LANDLORD WILL HAVE THE RIGHT TO LITIGATE A CLAIM IN COURT EXCEPT TO THE EXTENT PROVIDED HEREIN WITH RESPECT TO EXCLUDED CLAIMS.  OTHER RIGHTS THAT YOU WOULD HAVE IN COURT ALSO MAY NOT BE AVAILABLE OR MAY BE LIMITED IN ARBITRATION, INCLUDING YOUR RIGHT TO APPEAL AND YOUR ABILITY TO PARTICIPATE IN A CLASS ACTION.**

No parties exercised the express right to opt out of arbitration therein.

With respect to the scope of the claims covered by the arbitration provision, the lease provides:

> The term "**Claim**" means and includes any claim, dispute, action, proceeding, cause of action, or controversy of every kind and nature, whether arising in contract, tort (including, but not limited to, personal injury, death or damage to property) or otherwise (whether for damages or for injunctive or other legal, equitable or other relief, or whether arising under federal, state, local, common, statutory, regulatory, constitutional or other law) whether now existing or arising in the future between You and Landlord arising from or relating to Your Lease or any prior lease between the

2

parties, the Apartment, <u>the Property</u>, use of Your Apartment and/or common areas, <u>as well as the relationship resulting from this Lease</u>, including the validity, enforceability, or scope of this Section 24, and also including Claims by or against any third party providing any product, service or benefit in connection with the Lease . . . but does not mean or include Excluded Claims (defined below).

(Underlined emphasis added.)  The "Excluded Claims" defined thereafter include only small claims and actions for eviction and possession.

The lease defines the "Property" as the entire apartment complex at the property address.  It also specifies the rented residential unit and an "Additional Rentable Item" of a certain boat slip within the complex.

<u>The Litigation</u>

In 2023, Mr. Tracz sued Mid-America Apartments.  The complaint raises five essentially identical counts, one against each defendant.  All five counts are titled "Negligence" and are framed in premises liability.

The complaint alleges that Mr. Tracz "had a lease agreement with" Mid-America Apartments.  It alleges that he was injured on Mid-America Apartments' premises at the property address defined in the lease.

The gravamen of the factual allegations is that, in order to perform repairs on the boat slip Mr. Tracz had rented, the landlord moved Mr. Tracz's boat to an adjacent slip.  Mr. Tracz attempted to remove the boat from the adjacent slip himself, but the mechanical lift system was not working.  He opened its motor housing in an attempt to get the lift working and, in the process, was injured.

Mid-America Apartments moved to compel arbitration, attaching the lease mentioned in the complaint.  After a hearing, the trial court denied the motion, finding "that there is no arbitrable issue as there was no nexus between the dispute and the contract containing the arbitration clause."  This nonfinal appeal followed.

## ANALYSIS

Although the parties present several primary and alternative arguments on appeal, we need discuss only one dispositive issue. The parties expressly and unambiguously agreed in their lease to arbitrate claims like the ones here. The trial court therefore erred in ruling that no arbitrable issue exists, and so we must reverse and remand.

"The standard of review we use when examining a trial court's construction of an arbitration agreement as well as its application of the law to the facts is de novo." *Venn Therapeutics, LLC v. CAC Pharma Invs., LLC*, 382 So. 3d 6, 11 (Fla. 2d DCA 2024). In so reviewing, we take all well-pleaded allegations in the complaint as true. *See Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

Our supreme court has explained:

> Generally, the three fundamental elements that must be considered when determining whether a dispute is required to proceed to arbitration are: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *See Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 636 (Fla. 1999). Arbitration provisions are contractual in nature and remain a matter of contractual interpretation. *See id.* The intent of the parties to a contract, as manifested in the plain language of the arbitration provision and contract itself, determines whether a dispute is subject to arbitration. *See id.* Courts generally favor such provisions, and will try to resolve an ambiguity in an arbitration provision in favor of arbitration. *See id.; see also Qubty v. Nagda,* 817 So. 2d 952, 956 (Fla. 5th DCA 2002).

*Id.*

Recently, we considered a motion to arbitrate a tenant's personal injury claim under a lease containing the same arbitration clause and the same definition of a claim as those at issue in this case. *See Mid-Am. Apartment Cmtys., Inc. v. Gonzalez,* 406 So. 3d 362, 364-65 (Fla. 2d DCA

4

2025).  There, the tenant alleged that she was injured while walking in a common area of the leased property.  *Id.* at 363.

Examining the lease's definition of a "claim," we reasoned that "the contract at issue requires arbitration when a tenant asserts a personal injury claim 'arising from or related to' the use of the common areas."  *Id.* at 365.  Because the complaint there did just that, we concluded the lease "unambiguously and expressly require[d]" arbitration.  *Id.*  Thus, there was no need to look further to apply the "significant relationship or contractual nexus test."  *Id.* at 366 (quoting *Lennar Homes, LLC v. Wilkinsky*, 353 So. 3d 654, 656 (Fla. 4th DCA 2023)).

So too here.  The arbitration clause expressly includes future personal injury claims arising from or relating to the lease or Mr. Tracz's use of the defined Property.  Mr. Tracz's complaint alleges that he was a tenant injured on the Property while attempting to move his boat that his landlord had moved from his rented boat slip to an adjacent slip.

Thus, the parties expressly and unambiguously agreed in the lease to arbitrate these claims.  "This ended the analysis because, as in all questions involving the interpretation of a contract, 'the plain language of the agreement controls.' "  *Id.* at 367 (quoting *Lennar*, 353 So. 3d at 657).

We accordingly reverse the order on appeal and remand with directions to grant the motion.  *See id.* at 368 (doing the same).

Reversed and remanded.


BLACK and MOE, JJ., Concur.


_____


Opinion subject to revision prior to official publication.

5